ORIGINAL

FILED
JUN 1 1 2007
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.** | § | |
| | § | |
| **v.** | § | **NO.** 07-366 C |
| | § | |
| **THE UNITED STATES** | § | |

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RELATED SUBMISSIONS**

---

Plaintiff Public Warehousing Company K.S.C. ("PWC") asks leave of the court to file, under seal, its Complaint for Declaratory and Injunctive Relief, its Memorandum in Support of Its Motion and Application for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Memorandum"), as well as the exhibits attached to Plaintiff's Memorandum.

Specifically, PWC asks leave of the court to file Plaintiff's Memorandum under seal, redacting the specific and detailed references to a Contractor Performance Assessment Report ("CPAR") filed as an exhibit to Plaintiff's Memorandum, as well as two CPAR evaluations attached as Exhibits K and P to the Memorandum.

**ARGUMENT**

While the public has a common law right of access to inspect and copy judicial records, that right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978). Under the Federal Acquisition Regulation ("FAR"), evaluations of a contractor's performance are considered "Source Selection Information," 48 C.F.R. § 42.1503(b), and such evaluations "**shall not be released to other than Government personnel and the contractor whose**

**performance is being evaluated** during the period the information may be used to provide source selection information." *Id.* (emphasis added). The heading of a CPAR evaluation, including the one attached as an exhibit in this litigation, reiterates this FAR provision by stating that the evaluation is "Source Selection Sensitive Information" (*see* CPAR evaluation, attached as Ex.), citing to the provision of the FAR that permits information to be so described because "its disclosure would jeopardize the integrity or successful completion of the Federal agency procurement to which the information relates." *See* 48 C.F.R. § 2.101 (definition of Source Selection Information). Furthermore, "DoD policy states that past performance evaluation information (e.g. CPARs) is privileged source selection information and is not releasable under the Freedom of Information Act." Contractor Performance Assessment Reporting System (CPARS), Frequently Asked Questions, http://cpars.navy.mil/cparsfiles/cpars/freqask.htm.

The FAR explicitly states why these evaluations must not enter the public forum: "Disclosure of such information **could cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations."** 48 C.F.R. § 42.1503(b) (emphasis added).

Similarly, Plaintiff's Memorandum and attachments, specifically citing and referencing the CPAR, should also be placed under seal until further order of the Court. This Court should allow Plaintiff to redact protected source selection information as well as any specific citations to such material. Disclosure of that information would "cause harm both to the commercial interest of the Government and to the competitive position of the contractor being evaluated as well as impede the efficiency of Government operations." 48 C.F.R. § 42.1503.

**REQUEST FOR RELIEF**

WHEREFORE, for the reasons stated in this Motion, PWC requests that the Court grant its Motion for Leave to File Plaintiff's Memorandum Under Seal.

DATED: June 11, 2007

Respectfully submitted,

Michael R. Charness
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING COMPANY K.S.C.

DC 667143v.1