ORIGINAL
FILED
JUN 11 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PUBLIC WAREHOUSING COMPANY K.S.C. §
§
§
v. § NO. 07-366 C
§
THE UNITED STATES §

# MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

Public Warehousing Company K.S.C. ("PWC") moves this Court for leave to take expedited discovery pursuant to the Rules of the United States Court of Federal Claims 26(d) and 30(a)(2). This motion is filed simultaneously with PWC's Complaint, Motion and Application for Temporary Restraining Order and Preliminary Injunction, Memorandum of Points and Authorities in support thereof, and accompanying Declarations (the "Injunction Filings") that seek a mandatory injunction requiring the United States, Defense Supply Center Philadelphia ("DSCP"), the Defense Logistics Agency, and the U.S. Department of Defense ("DoD") (collectively, the "Defendants") to (1) provide past performance information related to its contracts with PWC to source selection agencies requesting such information for purposes of evaluating PWC's capabilities for contract awards, (2) to remove all references to the Department of Justice investigation of PWC from its Contractor Performance Assessment Reports ("CPARs") it must prepare to evaluate PWC's past performance on all completed contracts, and (3) to base its recommendations related to PWC in the CPARs and in discussions with procuring officials on objective, performance-related data. DSCP's continued refusal to provide such past performance information is in violation of the Federal Acquisition Regulation,

(the "FAR") 48 C.F.R. §§ 42.1502-.1503, and is harming PWC irreparably as more fully described in the Injunction Filings. Further, its reference to third-party investigations in a CPAR for PWC's Prime Vendor Bridge contract, and its failure to base its recommendation of PWC on objective, performance-related data are violations of the FAR, 48 C.F.R. § 42.1501 and the Administrative Procedure Act, 5 U.S.C. § 702. In support of this motion, Plaintiff states that the expedited deposition of Linda Ford, DSCP's Contracting Officer, is necessary to enable Plaintiff to obtain supporting information and materials to assist in presenting its case for preliminary and permanent injunctive relief, a hearing for which Plaintiff has separately requested to be scheduled by this Court at its earliest opportunity.

**ARGUMENT**

PWC seeks leave of this Court to pursue expedited discovery in order to be able to present its case at an injunction hearing. Specifically, PWC has alleged that DSCP's (1) failure to provide past performance information to agencies evaluating PWC for contract awards, and (2) inappropriate reference to non-performance-related information in a Contractor Performance Assessment Report ("CPAR"), has had, and will continue to have, a significant impact on PWC's ability to be fairly considered for these contracts. An expedited deposition of Linda Ford is necessary to establish how long DSCP has refused agency requests for this critical source selection evaluation data, for which procurements such information has been denied, and whether DSCP exercised its independent discretion in preparing the CPAR and deciding not to provide such past performance information to other procuring officials. This deposition will assist PWC in establishing the irreparable harm that it must demonstrate to succeed on the merits of its suit. "Courts have wide discretion with respect to discovery and Federal Rule of Civil Procedure 34(b) expressly provides that courts may expedite discovery." *Ellsworth Associates,*

*Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). Further, "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Id.* (citing *Optic-Electronic Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987)). Therefore, PWC requests that the Court enter an order requiring the scheduling of the deposition of Linda Ford, the Contracting Officer of DSCP, on an expedited basis.

## CONCLUSION

For the foregoing reasons, Plaintiff PWC respectfully requests that its motion for leave for expedited discovery be granted.

DATED: June 11, 2007

Respectfully submitted,

Michael R. Charness
VINSON & ELKINS, L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue, Suite 600
Washington, D.C. 20004
Telephone: (202) 639-6780
Facsimile: (202) 639-6640

ATTORNEYS FOR PUBLIC WAREHOUSING COMPANY K.S.C.

**CERTIFICATE OF CONFERENCE**

Due to the fact that Plaintiff has filed today and opposing counsel has not yet made an appearance in this case, we have been unable to confer as to our Motion for Expedited Discovery. If opposing counsel agrees to expedited discovery, it should so notify the court.

Michael R. Charness

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PUBLIC WAREHOUSING COMPANY K.S.C.,** | § | |
| | § | |
| | § | |
| **v.** | § | **NO. ________________** |
| | § | |
| **THE UNITED STATES** | § | |

---

**ORDER FOR EXPEDITED DISCOVERY**

---

Upon consideration of the authority described in Plaintiff's motion for leave to take expedited discovery, it is hereby:

ORDERED, that Plaintiff may notice the deposition of Linda Ford, the Contracting Officer of DSCP, and that such deposition will be scheduled on an expedited basis.

________________________________
COURT OF FEDERAL CLAIMS JUDGE

DC 680005v.1