# In the United States Court of Federal Claims

No. 07-366C

(Filed: June 13, 2007)

```
*************************************** *
                                        *
PUBLIC WAREHOUSING COMPANY K.S.C.,      *
                                        *
                     Plaintiff,         *
                                        *
 v.                                     *
                                        *
THE UNITED STATES,                      *
                                        *
                     Defendant.         *
                                        *
*************************************** *
```

<u>TEMPORARY RESTRAINING ORDER</u>

Pursuant to Rule 65(b) of the Rules of the Court of Federal Claims (RCFC), and for the reasons stated in open Court on June 12, 2007 at the hearing on Plaintiff's Application for a Temporary Restraining Order, the Court hereby restrains and directs the Defense Supply Center Philadelphia, the Defense Logistics Agency, the Department of Defense, and all others acting in concert with them or on their behalf ("the restrained entities"), as follows:

1. The restrained entities are directed to comply with the Federal Acquisition Regulation (FAR), 48 C.F.R. Subpart 42.15, Contractor Performance Information, regarding Plaintiff's performance of Contract No. SPO300-03-D-3061 ("PV1"), Contract No. SPM300-05-D-3119 ("PV Bridge"), and Contract No. SPM300-05-D-3128 ("PV2").

2. The restrained entities may indicate to other source selection agencies that a Department of Justice investigation of Plaintiff is in process, but otherwise shall provide objective data of Plaintiff's performance of the contracts consistent with paragraph 1. The restrained entities shall not use or rely upon the fact of the Department of Justice investigation, or any facts made known to the restrained entities as a result of the investigation, as a reason to lower the evaluation of Plaintiff's performance of the PV1, PV Bridge, and PV2 contracts in any respect. The restrained entities shall not disclose any factual details regarding Plaintiff that they learned as a result of the investigation.

3. The restrained entities shall not refuse or decline to provide performance data to other source selection agencies regarding Plaintiff's PV1, PV Bridge, and PV2 contracts, or rate Plaintiff as "neutral," by reason of the Department of Justice investigation.

4. The restrained entities shall not post any Contractor Performance Assessment Report ("CPAR") regarding Plaintiff's PV1, PV Bridge, and PV2 contracts unless the CPAR complies with paragraphs 1 through 3 above. If the restrained entities have posted any CPAR regarding Plaintiff that is not in compliance with this Order, they shall immediately take steps to remove, or block access to, such non-compliant CPAR.

This Temporary Restraining Order shall take effect upon the service of the Order on Defendant's counsel, and shall remain in effect for a period of ten (10) days, to and including June 22, 2007, unless extended by further Court Order.

Pursuant to RCFC 65(c), Plaintiff shall post security of $100.00 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge